# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DUWAYNE M. JACKSON,<br><br>   Plaintiff,<br><br>   vs.<br><br>AKKANO, et al.,<br><br>   Defendants. | 1:13cv00009 DLB PC<br><br>ORDER STRIKING PLAINTIFF'S SUPPLEMENTAL COMPLAINT<br><br>(Document 9) |

Plaintiff Duwayne M. Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on January 3, 2013. He filed a First Amended Complaint ("FAC") as of right on February 26, 2013. Plaintiff also filed a Supplemental Complaint on August 7, 2013. The Supplemental Complaint names almost 50 Defendants.

By separate order, Plaintiff's FAC has been dismissed with leave to amend for failure to state a claim for which relief may be granted.

**DISCUSSION**

Pursuant to Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(d) does not require the

moving party to satisfy a transactional test, but there must still be a relationship between the claim in the original pleading and the claims sought to be added. Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988). Thus, "[w]hile leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

Here, Plaintiff's Supplemental Complaint must be stricken for numerous reasons. First, as Plaintiff's FAC has been dismissed, there is no operative complaint to supplement.

Second, like his dismissed FAC, the Supplemental Complaint appears to violate Federal Rules of Civil Procedure 18 and 20.

Finally, it is unclear whether the Supplemental Complaint is truly a supplement to his FAC, or is simply another amended complaint.

Courts have the inherent power to control their docket and in the exercise of that power, they may properly strike documents. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404-05 (9th Cir. 2010). Accordingly, for the reasons discussed above, Plaintiff's August 7, 2013, Supplemental Complaint is STRIKEN.

IT IS SO ORDERED.

Dated:   **August 26, 2013**              /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE