# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE M. JACKSON,<br><br>      Plaintiff,<br><br>   vs.<br><br>AKKANO, et al.,<br><br>      Defendants. | 1:13cv00009 DLB PC<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Duwayne M. Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on January 3, 2013. He filed a First Amended Complaint ("FAC")[1] as of right on February 26, 2013. Plaintiff names over 35 Defendants.[2]

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Plaintiff submitted a Supplemental Complaint on August 7, 2013, which is addressed by separate order.

[2] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 11, 2013.

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.      **PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.

Plaintiff alleges that on May 5, 2011, while incarcerated at Kern Valley State Prison ("KVSP"), he fractured a bone in his left hand during an assault. He continuously complained to medical staff at KVSP and was taken to Pacific Orthopedic Medical Group on May 19, 2011. Plaintiff saw Defendant Dr. Paik at Pacific Orthopedic and his left hand was placed in a cast. Plaintiff states that Dr. Paik knew "that [he] possibly will develop delayed non-union due to the fracture of the scaphoid of the left wrist." Compl. 3.

Plaintiff returned to Pacific Orthopedic on June 24, 2011. The cast was removed and he underwent x-rays. Another cast was applied for four more weeks. On July 11, 2011, another cast was recommended, as well as a second CT scan. On August 1, 2011, a cast was again recommended. Plaintiff alleges that he had extraordinary tenderness from the last cast.

Plaintiff returned to Pacific Orthopedic on January 16, 2012, and Dr. Paik recommend a re-cast and surgery. Plaintiff opted against it because of extraordinary tenderness. He states that the medical doctors at KVSP submitted a request for surgery, but it was approved and denied numerous times.

On February 11, 2012, Plaintiff alleges that Defendants Trotter, while Defendants Beltzinger and Tafoya stood there and listened, told him that he would enter his cell and beat him. He also called Plaintiff names.

On March 12, 2012, Dr. Paik recommended a bone graft. Plaintiff states that "throughout the entire time," he was denied pain medication and surgery and continuously complained of severe pain.

Plaintiff further alleges that Defendant Dr. Akkano prescribed medications, but eventually switched the medication and ultimately canceled it. Dr. Akkano gave Plaintiff a

3

muscle relaxer, but Plaintiff complained that it did not help the pain. Plaintiff submitted numerous requests but was not treated. He also states that he has seen various nurses, doctors and physician assistants "with negative results." Compl. 4. Plaintiff eventually told Dr. Akkano that the only medication that worked was Neurontin.

Plaintiff believes that he received inadequate medical treatment because he asked the doctors for pain medication, ace bandages and to be waist-chained, but was ignored.

On July 4, 2012, Plaintiff was assaulted again at KVSP while in protective custody. He was released into the D Facility, but found out that one of the inmates who assaulted him was also in D Facility. Plaintiff continuously complained to staff and was placed in Administrative Segregation. He continued to complain about his hands, and his right hand brace and ace bandages were taken. KVSP issued him a left wrist brace and orthopedic shoes and re-ordered surgery, but Plaintiff did not receive pain medication.

Plaintiff was eventually transferred to High Desert State Prison ("HDSP"). Defendant Physician Assistants Miranda and Kesler took his health care appliances.

Plaintiff arrived at CSATF on November 14, 2012, and has continued to tell medical staff that he has a lot of medical issues that have been ignored. Some issues have been addressed, but others are being ignored.

### C. ANALYSIS

#### 1. *Defendants*

Plaintiff names over 35 Defendants from KVSP, HDSP, CSATF, Pacific Orthopedic and Kern Radiology Group. However, only a small number are actually discussed in the FAC. As explained above, Plaintiff must link each Defendant to an alleged act or omission.

#### 2. *Rules 18 and 20*

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v.

Smith, 507 F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Here, Plaintiff brings various claims under the Eighth Amendment against numerous Defendants at different institutions. As to his medical claims under the Eighth Amendment, his appears to allege three separate claims: (1) medical treatment related to his hand injury while at KVSP; (2) denial of medical devices while at HDSP; and (3) general medical treatment received at his current place of incarceration, CSATF. He also appears to allege an Eighth Amendment conditions of confinement claim against various Correctional Officers at KVSP.

While allegations that fall into one of the four categories above would properly be brought in a single action, Plaintiff cannot proceed on all four categories of claims. They are unrelated, involve different Defendants, do not arise out of the same transaction or occurrence and do not involve common questions of law or fact. Plaintiff will not be permitted to proceed with a "mishmash of a complaint," George, 507 F.3d at 607, and is cautioned that if his amended complaint fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated claims.

3. *Eighth Amendment – Medical Treatment*

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the

5

defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's allegations do not rise to the level of deliberate indifference. It is clear from his complaint that he continued to receive treatment, but that he disagreed with the treatment rendered (or not rendered). A difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Similarly, Plaintiff has failed to allege that any Defendant acted with deliberate indifference, i.e., with a purposeful act or failure to respond to his pain or possible medical need.

Plaintiff has failed to state a claim under the Eighth Amendment based on medical treatment against any Defendant.

4.   *Eighth Amendment- Conditions of Confinement*

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency

that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g, Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Here, Plaintiff alleges, almost in passing, that Defendants Trotter, Beltzinger and Tafoya threatened to beat him up while in his cell and called him names. However, "extreme deprivations are required to make out a conditions-of-confinement claim," and threats do not rise to this level. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotation marks and citations omitted); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Additionally, mere verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

**D.     CONCLUSION AND ORDER**

For the reasons discussed above, Plaintiff's FAC fails to state any claims against any Defendants. Plaintiff will be permitted to amend his complaint, though he must follow the guidelines above. Plaintiff's complaint must also comply with Rules 18 and 20. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's FAC is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 26, 2013**                         /s/ Dennis L. Beck
                                              UNITED STATES MAGISTRATE JUDGE