# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE M. JACKSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>AKKANO, et al.,<br><br>　　　　Defendants. | 1:13cv00009 DLB PC<br><br>ORDER DISMISSING ACTION<br>FOR FAILURE TO PROSECUTE |

　　Plaintiff Duwayne M. Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.  Plaintiff filed this action on January 3, 2013.[1]  Pursuant to the Court's August 26, 2013, screening order, he filed a Second Amended Complaint ("SAC") on September 25, 2013.

　　On March 14, 2014, the Court dismissed Plaintiff's SAC with leave to amend.  On April 9, 2014, the Court granted Plaintiff's request for a thirty day extension of time.

　　On May 27, 2014, after Plaintiff failed to failed to file an amended complaint, the Court issued an order to show cause why the action should not be dismissed for failure to prosecute.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 11, 2013.

1

Plaintiff filed a response to the order to show cause on June 12, 2014.  Plaintiff stated that he had not been able to file an amended complaint because he was transferred and did not have all of his legal property.

On June 18, 2014, the Court discharged the order to show cause and granted Plaintiff a final extension of time of thirty days.

Over thirty days have passed and Plaintiff has not filed an amended complaint or otherwise contacted the Court.  As a result, there is no pleading on file which sets forth any viable claims for relief.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation omitted).

This case has been pending since January 2013, and there is no pleading on file that states a claim for relief.  Therefore, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  *Id.* at 1227.  Further, the opposing party is necessarily prejudiced when he is unaware of an action against him.  *Id.*

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *Id.* at 1228.

Finally, the Court's June 18, 2014, order was clear that this would be Plaintiff's final opportunity to file an amended complaint.

Accordingly, this action is DISMISSED WITHOUT PREJUDICE based on Plaintiff's failure to prosecute.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **August 25, 2014**                            /s/ *Dennis L. Beck*
                                                           UNITED STATES MAGISTRATE JUDGE